## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SANTEE SIOUX NATION, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV147 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GALE A. NORTON, in her official capacity | ) | |
| as United States Secretary of Interior, | ) | |
| Department of the Interior, and UNITED | ) | |
| STATES DEPARTMENT OF INTERIOR, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Intervenor. | ) | |
| | ) | |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Cross-claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GALE A. NORTON, in her official capacity | ) | |
| as United States Secretary of Interior, | ) | |
| Department of the Interior, and UNITED | ) | |
| STATES DEPARTMENT OF INTERIOR, | ) | |
| | ) | |
| Cross-defendants. | ) | |

This matter is before the court on the Motion of State of Nebraska for Leave to Intervene as Defendant and Cross-Claimant (Filing No. 9). The State of Nebraska (the movant) filed a brief (Filing No. 11) in support of the motion. The movant also filed an executed "Answer and Cross-Claim of Intervenor State of Nebraksa" (Filing No. 10), and attached thereto two exhibits (Filing No. 10, Exs. A, B) in support of the motion. The plaintiff

1

filed a brief (Filing No. 15) in opposition to the motion.  The movant filed a reply (Filing No. 16).
The current defendants did not take part in the briefing.  For the reasons stated below, the
court finds the movant should be granted leave to intervene.

## BACKGROUND

In the complaint, the plaintiff seeks declaratory and injunctive relief against the
defendants United States Department of the Interior (DOI) and DOI Secretary Gail Norton (DOI
Secretary) because the DOI denied the plaintiff's application to conduct Class III gaming on
the plaintiff's tribal lands in the State of Nebraska.  **See** Filing No. 1.  The plaintiff alleges
DOI's decision to deny the plaintiff's application was arbitrary, capricious, contrary to law, and
invalid, and thus in violation of the Administrative Procedures Act (APA), 25 U.S.C. § 701 *et
seq.*, and the Indian Gaming Regulatory Act (IGRA), 25 USC § 2701 *et seq.*  The plaintiff
submitted a proposal to the DOI Secretary requesting Class III gaming procedures pursuant
to 25 C.F.R. Part 291 (the Class III Gaming Procedures Rules) after the plaintiff was unable
to negotiate a Class III compact with the State of Nebraska.  **See** 25 U.S.C. § 2710(d); 25
C.F.R. § 291.1-291.15.  The parties agree the nature of the plaintiff's complaint is one of an
appellate proceeding.  **See** Filing No. 14.

The movant claims it is entitled to intervene in this matter Rule 24 of the Federal Rules
of Civil Procedure (Rule 24) because if the plaintiff receives any of the relief it seeks the State
of Nebraska's substantial public policy regarding gaming conducted within its borders would
be invaded.  Thus, the movant argues it is entitled to intervene as of right under Rule 24(a)(2).
Alternatively, the movant contends it should be allowed to permissively intervene under Rule
24(b)(2).  In addition, the State of Nebraska seeks to file a cross-claim against the
defendants, praying for declaratory and injunctive relief and review of the defendants'
administrative decision on the argument that the Class III Gaming Procedures Rules are void
and unenforceable.

In its brief opposing the Motion, the plaintiff argues intervention is not established under
Rule 24.  Furthermore, the plaintiff urges the court, should allow intervention, to find the State
of Nebraska's act of intervening and asserting a cross-claim in this matter should constitute

2

a waiver of the State of Nebraska's sovereign immunity pursuant to the Eleventh Amendment of the United States Constitution.

## ANALYSIS

### I.   INTERVENTION

As a threshold matter, an applicant for intervention must show it has Article III standing to intervene in a federal law suit.  **Curry v. Regents of Univ. of Minn.**, 167 F.3d 420, 422 (8th Cir. 1999) (**quoting Standard Heating & Air Conditioning Co. v. City of Minneapolis**, 137 F.3d 567, 570 (8th Cir. 1998)).  "Constitutional standing requires a showing of:  (1) an injury in fact, which is an invasion of a legally protected interest that is concrete, particularized, and either actual or imminent; (2) causation; and (3) redressability."  **Curry**, 167 F.3d at 422; **see also Mausolf v. Babbitt**, 85 F.3d 1295, 1301-02 (8th Cir. 1996) (finding the movant "alleged concrete, imminent, and redressable injuries in fact" where it showed it would be injured if restrictions challenged in the action were removed).  The movant alleges that, should the plaintiff win the relief it seeks, such relief would injure its interests in establishing and maintaining its "substantial public policy regarding the forms of gambling which may be conducted within the State's borders."  Filing No. 11, p. 15.  The plaintiff does not argue the movant lacks Article III standing to participate in the instant lawsuit.

The State of Nebraska has a legally-protected interest in the gaming conducted within its borders.  **See Cheyenne River Sioux Tribe v. South Dakota**, 3 F.3d 273, 281 (8th Cir. 1993) (stating a state has an "obvious" interest in the gaming activities conducted within its borders"); **see also Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. United States**, 367 F.3d 650, 654-55 (7th Cir. 2004) ("IGRA recognizes that the States have an interest in the regulation of gaming on Indian lands within their borders and allows state regulation of Indian gaming in two ways. . . .").  In its complaint, the plaintiff prays for, *inter alia*, a declaratory judgment that Nebraska law permits the gaming activities the plaintiff seeks to conduct, and a court order requiring the DOI Secretary to issue Class III gaming procedures to the plaintiff authorizing the gaming activities the plaintiff seeks to conduct.  The plaintiff's complaint threatens the movant's interest in controlling the types of gaming conducted within

its borders.  Should the plaintiff succeed in this action, the declaratory and injunctive relief sought by the plaintiff would harm the movant's interest.  The court finds the movant demonstrates it has Article III standing to participate in this action.

## A.    Intervention of Right

Under Rule 24(a)(2), any timely applicant shall be permitted to intervene:

> [W]hen the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).  The court notes "Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor."  *South Dakota v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003).

### 1.    Timeliness

"Whether a motion to intervene is timely is determined by considering all of the circumstances of the case."  *United States v. Union Elec. Co.*, 64 F.3d 1152, 1158-59 (8th Cir. 1995).  Three important factors for the court to consider in determining timeliness include: (1) the reason for any delay in the proposed intervenor's seeking intervention; (2) at what the point in the litigation the proposed intervenor sought intervention, and (3) how much prejudice to other parties allowing the intervention would cause.  *Id.* at 1159.  Prejudice is determined by evaluating whether existing parties may be prejudiced by the delay in moving to intervene, not whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change.  *Id.*

In this case, the movant filed its motion to intervene on June 28, 2005, more than one week before the defendants filed their answer and before any progression deadlines were imposed.  The plaintiff does not argue the State of Nebraska's motion is untimely.  Therefore, the court finds the motion to intervene was timely filed.

4

### 2.      Recognized Interest

Next, an applicant for intervention must show "a recognized interest in the subject matter of the litigation." *South Dakota v. U.S. Dep't of Interior*, 317 F.3d at 785; *Union Elec. Co.*, 64 F.3d at 1161. Such interest must be "'direct,' as opposed to tangential or collateral. Furthermore, that interest must be 'recognized,' i.e., both 'substantial' and 'legally protectable.'" *Union Elec. Co.*, 64 F.3d at 1161. The movant claims it has a direct, substantial, and legally protectable interest in controlling the forms of gambling conducted within its borders. The plaintiff does not argue the movant has an insufficient interest in the subject matter of the litigation. As discussed above, the State of Nebraska has an interest in regulating the types of gaming conducted within its borders. **See *Cheyenne River Sioux Tribe***, 3 F.3d at 281; **see also *Lac Courte Oreilles Band of Lake Superior Chippewa Indians***, 367 F.3d at 654-55. The court finds the movant has a legally-recognized interest in the subject matter of the litigation.

### 3.      Interest Impaired by Disposition

The third showing an applicant for intervention must make is that the disposition of the case might impair its interest. *South Dakota v. U.S. Dep't of Interior*, 317 F.3d at 785; *Union Elec. Co.*, 64 F.3d at 1161. The United States Court of Appeals for the Eighth Circuit emphasizes that Rule 24(a) "does not require, after all, that [applicants for intervention] demonstrate to a certainty that their interests *will* be impaired in the ongoing action. It requires only that they show that the disposition of the action '*may* as a practical matter' impair their interests." *Union Elec. Co.*, 64 F.3d at 1162 (**quoting *Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist.***, 738 F.2d 82, 84 (8th Cir. 1984)). "[T]he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id.* (citations and internal quotation marks omitted).

The movant contends that any determination by a court of the plaintiff's right to relief in this case would impair the State of Nebraska's "determination of the forms of gaming that the Santee Sioux, or any other Tribe, may conduct on their reservations within Nebraska's

borders." Filing No. 11, p. 13. The plaintiff argues the movant cannot establish disposition of this action will impair or impede the movant's interests. The plaintiff further argues the movant's cross-claim against the defendants would not be impeded by disposition of this action.

The court notes the movant need not show its interest will be impeded by the disposition of this case, as the plaintiff argues; a movant must show only that its interest "may as a practical matter" be impeded. Fed. R. Civ. P. 24(a)(2). Nor does Rule 24(a)(2) require the court to determine, as the plaintiff argues, the movant may only intervene if it could not otherwise bring its cross-claim. The plaintiff's requested relief includes a determination by the court that the State of Nebraska permits the gaming activities the plaintiff has heretofore been denied permission to conduct, and an order by the court requiring the DOI Secretary issue Class III gaming procedures permitting such gaming activities. Filing No. 1, p. 16. The court finds such legal determinations may, as a practical matter, impair the State of Nebraska's interests.

### 4.    Existing Parties

Finally, the movant must show its "interest will not be adequately protected by the existing parties." *South Dakota v. U.S. Dep't of Interior*, 317 F.3d at 785; *United Elec. Co.*, 64 F.3d at 1168. The court must determine whether representation is adequate "by comparing the interests of the proposed intervenor with the interests of the current parties to the action." *Sierra Club v. Robertson*, 960 F.2d 83, 86 (8th Cir. 1992) ("Doubts regarding the propriety of permitting intervention should be resolved in favor of allowing it, because this serves the judicial system's interest in resolving all related controversies in a single action."). "A party generally need only make a minimal showing that representation may be inadequate to be entitled to intervene on that basis, but the burden is greater if the named party is a government entity that represents interests common to the public." *Little Rock Sch. Dist. v. North Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004) (internal citations and quotations omitted). To show inadequate representation, a movant "may show that its

interests are distinct and cannot be subsumed within the public interest represented by the government entity." ***Id.***

Despite the plaintiff's argument to the contrary, the court finds the movant does identify interests distinct from those represented by the federal defendants. The movant indicates its primary interests are in regulating the gaming activities conducted within its borders, and in "preserving and protecting its sovereign interest in the interpretation and application of Nebraska law regarding the scope of lawful Class III gaming conducted in the State." Filing No. 11, p. 14; ***cf. Lac Courte Oreilles Band of Lake Superior Chippewa Indians,*** 367 F.3d at 654-55 (identifying that, in enacting the IGRA, Congress recognized the states' interests in regulating the gaming allowed within their borders). The court finds the State of Nebraska's showing of a distinct interest exceeds the minimal showing required by Rule 24(a)(2).

Accordingly, the movant may intervene as a matter of right because the movant has Article III standing to participate in this litigation, and has satisfied Rule 24(a).

## B.    Permissive Intervention

The movant also urges the court to allow it to permissively intervene in this case. The movant contends its motion is timely and its intervention would not cause undue delay or prejudice. It further argues its claims and defenses involve questions of law and fact common to the plaintiff's claims, for example, reliance upon the APA to control the court's review of the administrative decision at issue. The plaintiff urges the court to deny permissive intervention, because the additional party and cross-claim will cause additional delay.

Whether to grant permissive intervention pursuant to Rule 24(b)(2) is wholly within the court's discretion. ***South Dakota v. United States Dept. of Interior***, 317 F.3d at 787. "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b); ***South Dakota v. United States Dept. of Interior***, 317 F.3d at 787 (finding undue delay or prejudice the "principal consideration"). Moreover, a court properly grants permissive intervention where (1) the motion is timely; (2) the movant shows independent jurisdictional grounds; and (3) the

movant's claim or defense and the main action share common questions of law or fact. ***Union Elec. Co.***, 64 F.3d at 1170 n.9.

The court holds, in the alternative, that the movant may permissively intervene because it has Article III standing and has satisfied Rule 24(b). The court finds the delay or prejudice, if any, resulting from the additional party and cross-claim is not undue delay or prejudice. The motion was timely, see Part I.A.1 *supra*, and federal question jurisdiction provides the court subject matter jurisdiction over this controversy. Furthermore, the court finds the movant's cross-claim and defenses share questions of law with the plaintiff's claims and with the defendant's defenses, respectively, as both the court's review of the administrative record and the cross-claim involve the APA.

## II.   SOVEREIGN IMMUNITY

In its motion, the State of Nebraska states it "does not in any manner waive its Eleventh Amendment immunity from suit to permit any claim or cause of action against the State." Filing No. 9, p. 2. Yet the plaintiff urges the court, should the court permit the movant to intervene in this case, to hold such intervention constitutes a waiver of the State of Nebraska's sovereign immunity under the Eleventh Amendment to the United States Constitution. The movant replies that its answer and cross-claim in this case do not waive its sovereign immunity in the absence of a Nebraska constitutional provision or statute authorizing such a waiver. The movant further asserts that even if its answer and cross-claim operate as a waiver, the plaintiff's proposed claim against the State of Nebraska is not permitted because it is not a defensive claim by way of recoupment to defeat or diminish the State of Nebraska's recovery.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This immunity extends to suits brought against states by Indian tribes and its members. ***Idaho v. Coeur D'Alene Tribe***, 521 U.S. 261, 268 (1997). A state

8

nonetheless may waive its sovereign immunity, at least via conduct or via consent to suit in federal court. *Santee Sioux Tribe v. Nebraska*, 121 F.3d 427, 430, 431 (8th Cir. 1997).

The plaintiff does not argue, nor does the court find, the State of Nebraska consented to a waiver of its sovereign immunity in filing its cross-claim. **See** Filing Nos. 9, 16. Instead, the plaintiff argues the court should allow it to file a "counterclaim" against the State of Nebraska because it waived its sovereign immunity via conduct. In *Santee Sioux Tribe*, the Eighth Circuit Court of Appeals held that "the Nebraska assistant attorney general's conduct in answering the complaint and filing a counterclaim does not constitute a waiver of Nebraska's Eleventh Amendment immunity. [A] state official may waive the state's immunity only where specifically authorized to do so by that state's constitution, statutes, or decisions." *Id.* at 431-32 (citations omitted). Here, as in the earlier case, the plaintiff "has failed to demonstrate that waiver of the State's Eleventh Amendment immunity is within the authority of Nebraska's attorney general" on the mere filing of an application to intervene in a pending suit. *Id.* at 432.

The crux of the inquiry is "whether the state's action in litigation clearly invokes the jurisdiction of the federal court, not on the intention of the state to waive immunity." *Skelton v. Henry*, 390 F.3d 614, 618 (8th Cir. 2004) (finding the State of Missouri did not waive its sovereign immunity when it (i) involuntarily invoked the jurisdiction of the federal courts by filing a counterclaim and a third party claim and (ii) raised its Eleventh Amendment sovereign immunity promptly in its answer to the plaintiffs' amended complaint). It was the plaintiff, and not the State of Nebraska, who initiated this action in a federal court. *Compare In re Fraser*, 75 F. Supp. 2d 572, 582-83 (finding the State of Texas met the "stringent standard" for determining sovereign immunity voluntarily waived when it chose to file suit in a federal court). The State of Nebraska involuntarily submits to the jurisdiction of this court by filing an application to intervene, and an answer and cross-claim, in this action commenced by the plaintiff. Moreover, the State of Nebraska asserted its sovereign immunity at the time of its motion for intervention and in response to the plaintiff's opposition to the State's motion. The court finds the State of Nebraska has not waived its sovereign immunity. Because the court finds no waiver of the movant's sovereign immunity, and the plaintiff did not specify its

possible claims against the movant, it is unnecessary to consider the movant's arguments as to whether the plaintiff's possible claims against the State of Nebraska would be permitted had the movant waived its sovereign immunity.

Upon consideration,

**IT IS ORDERED:**

1.    The Motion of State of Nebraska for Leave to Intervene as Defendant and Cross-Claimant (Filing No. 9) is granted.

2.    The defendant-intervenor shall have to **on or before September 19, 2005**, to file its answer and cross-claim.

3.    The Clerk of Court shall amend the docket to redesignate Filing No. 10 as the defendant-intervenor's "Proposed Answer to Complaint, Crossclaim." The Clerk of Court shall further amend the docket to reflect the case caption as it appears on this order, specifically that Gale A. Norton in her official capacity as United States Secretary of Interior, Department of the Interior, and United States Department of Interior, not the Santee Sioux Nation, are the cross-defendants in this matter.

**ADMONITION**

Pursuant to NECivR 72.2, any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 6th day of September, 2005.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge